Filed 12/16/20  P. v. Lugo CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B300924 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. SA100283 |
| DAVID MICHAEL LUGO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Yvette Verastegui, Judge.  Conviction affirmed; remanded with instructions.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant David Michael Lugo pleaded no contest to injuring his wife in violation of Penal Code section 273.5, subdivision (a).[1]  On appeal, Lugo contends (1) the condition of his probation that he "not use, or threaten to use, any force or violence against any person" is "unconstitutionally overbroad on its face," and (2) his trial counsel was unconstitutionally ineffective in failing to object to the domestic violence fee, restitution fine, and court assessments.  The Attorney General agrees the probation condition should be modified to clarify Lugo may engage in lawful self-defense or defense of others.  As we are remanding the case for the court to modify the "force or violence" term of Lugo's probation, we need not reach his claim that his counsel should have requested a hearing to determine his ability to pay the domestic violence fee, restitution fine, and court assessments.  Lugo may raise any inability to pay in the trial court on remand.

## FACTS AND PROCEDURAL BACKGROUND

One afternoon in February 2019 Lugo threw an internet modem at his wife Luna, who was five months pregnant.[2]  The modem hit Luna on the left side of her stomach.  Luna fell to the floor in severe pain.  As she lay on the ground, "she felt her stomach start to really tighten, and the pain was worsening."  Lugo drove Luna to the hospital and "dropped [her] off."  The hospital released Luna the same day.

---

[1]  References to statutes are to the Penal Code.

[2]  As the case resolved before the preliminary hearing, we take the facts from the Probation Officer's Report and from the police report, parts of which the district attorney read aloud to the court at the arraignment.

The People charged Lugo with assault with a deadly weapon (count 1), inflicting corporal injury on a spouse (count 2), and resisting a peace officer, a misdemeanor (count 3).

On July 11, 2019, Lugo entered into a plea agreement with the People. Lugo pleaded no contest to count 2 in exchange for five years of formal felony probation and credit for one day in custody. The court ordered Lugo to perform 60 days of community service and to complete 52 weeks of domestic violence prevention counseling. Among other conditions and requirements of probation, the court told Lugo, "Do not use, or threaten to use, any force or violence against any person."

The court also ordered Lugo to pay a $300 restitution fine, a $500 domestic violence fee, a $40 court operations assessment, and a $30 criminal conviction assessment. The court stayed a $300 probation revocation restitution fine. Neither Lugo nor his counsel objected to any of the terms of his probation, nor did he or his counsel assert any inability to pay the restitution fine and court fees. The court asked Lugo, "Do you understand and accept those terms and conditions of your probation?" Lugo answered, "Yes, Your Honor."

On August 14, 2019, Lugo filed a notice of appeal. He checked box 2.a.(3): "This appeal challenges the validity of the plea or admission." Under "Request for Certificate of Probable Cause," Lugo wrote, "I would like to request an appeal because I believe I had ineffective defense cousel [*sic*], and there was improper admission of evidence." The trial court granted Lugo's request for a certificate of probable cause.

## DISCUSSION

1. ***The Attorney General agrees the force or violence probation condition should be modified***

Lugo contends the probation condition that he not use force or violence against any person is overbroad "because it makes

no allowance for [him] to exercise the constitutional right to self-defense under any circumstances." The Attorney General agrees that probation condition should be modified to state that Lugo is not to use or threaten to use force or violence against any person except in lawful self-defense or lawful defense of others. (See *People v. Lopez* (1998) 66 Cal.App.4th 615, 629 [probation condition that is not " 'sufficiently narrowly drawn' " may be modified].)

## 2. *Lugo may raise any ability-to-pay issue in the trial court on remand*

Lugo admits that neither he nor his counsel objected to the domestic violence fee, the restitution fine, or the court assessments at the time of sentencing, nor did they request a hearing on Lugo's ability to pay the fine and fees. Lugo concedes he therefore has forfeited the issue. Lugo argues, however, that his counsel was constitutionally ineffective in failing to object and to ask for an ability-to-pay hearing.

As noted, the court imposed the mandatory minimum restitution fine of $300 under section 1202.4, subdivision (b) and $70 in court assessments. The court also ordered Lugo to pay a domestic violence fee of $500—the mandatory minimum amount—under section 1203.097, subdivision (a)(5)(A). Unlike section 1202.4, subdivision (c)—which provides "[a] defendant's inability to pay [the minimum restitution fine] shall not be considered a compelling and extraordinary reason not to impose a restitution fine"—section 1203.097, subdivision (a)(5)(A) provides for an ability-to-pay hearing in open court on the domestic violence fee. If, after the hearing, "the court finds that the defendant does not have the ability to pay, the court may reduce or waive this fee." The court "shall state the reason [for the reduction or waiver] on the record." (§ 1203.097, subd. (a)(5)(A).)

4

*People v. Dueñas* (2019) 30 Cal.App.5th 1157 held due process requires a trial court to conduct an ability-to-pay hearing and ascertain a defendant's ability to pay before imposing court assessments and executing a restitution fine. A number of courts have concluded *Dueñas* was wrongly decided. (See, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, 327-329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060; *People v. Adams* (2020) 44 Cal.App.5th 828, 829; *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Petri* (2020) 45 Cal.App.5th 82, 90-92.) Our Supreme Court currently is considering whether a trial court must consider a defendant's ability to pay before imposing or executing fines, fees, or assessments and, if so, which party bears the burden of proof. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

Because we are remanding this case for modification of the terms of Lugo's probation, we need not reach his contention that his counsel was constitutionally ineffective. Lugo may raise any ability-to-pay argument, and request a hearing—at least under section 1203.097, subdivision (a)(5)(A)—in the trial court on remand.

## DISPOSITION

We affirm David Michael Lugo's conviction.  We remand the matter for the trial court to (1) modify the terms of Lugo's probation, and (2) consider any ability-to-pay issue Lugo wishes to raise concerning the domestic violence fee, restitution fine, and court assessments.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P. J.



LAVIN, J.